UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TONI M.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-00559-MJD-RLY |
| | ) |
| FRANK BISIGNANO, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON JUDICIAL REVIEW**

Claimant Toni M. requests judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.  *See* 42 U.S.C. § 1382.  For the reasons set forth below, the Court **REVERSES** the decision of the Commissioner.

**I.  Background**

Claimant applied for SSI in April 2022.  [Dkt. 10-5 at 2.]  Her application was denied initially and upon reconsideration, [Dkt. 10-4 at 11, 27], and Claimant then requested and was granted a hearing before an Administrative Law Judge ("ALJ"), which was held before ALJ Jeffrey Ciegel on September 11, 2023.  [Dkt. 10-2 at 60.]  On November 16, 2023, the ALJ

---

[1] In an attempt to protect the privacy interest of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

issued his determination that Claimant was not disabled. *Id.* at 28. The Appeals Council then denied Claimant's request for review on December 18, 2024. *Id.* at 5. After receiving an extension of time, *id.* at 2, Claimant timely filed her Complaint on March 24, 2025, seeking judicial review of ALJ Walker's decision. [Dkt. 1.]

## II. Legal Standards

To be eligible for benefits, a claimant must have a disability pursuant to 42 U.S.C. § 1382c. Disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A).

To determine whether a claimant is disabled, the Commissioner, as represented by the ALJ, employs a sequential, five-step analysis: (1) if the claimant is engaged in substantial gainful activity, she is not disabled; (2) if the claimant does not have a "severe" impairment, one that significantly limits her ability to perform basic work activities, she is not disabled; (3) if the claimant's impairment or combination of impairments meets or medically equals any impairment appearing in the Listing of Impairments, 20 C.F.R. pt. 404, subpart P, App. 1, the claimant is disabled; (4) if the claimant is not found to be disabled at step three, and is able to perform her past relevant work, she is not disabled; and (5) if the claimant is not found to be disabled at step three, cannot perform her past relevant work, but can perform certain other available work, she is not disabled. 20 C.F.R. § 416.920(a)(4). Before continuing to step four, the ALJ must assess the claimant's residual functional capacity ("RFC") by "incorporat[ing] all of the claimant's limitations supported by the medical record." *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019) (citing *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015)). If, at any step, the ALJ can make a

2

conclusive finding that the claimant either is or is not disabled, then she need not progress to the next step of the analysis. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004).

The Seventh Circuit recently set forth the proper standard of review in an appeal of the denial of disability benefits as follows:

> [W]e review the ALJ's decision deferentially, affirming if its conclusions are supported by substantial evidence. 42 U.S.C. § 405(g); *Deborah M.* [*v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021)]; *Clifford v. Apfel*, 227 F.3d 863, 873 (7th Cir. 2000) (ALJ's residual functional capacity determination "must be supported by substantial evidence in the record"). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103, 139 S.Ct. 1148, 203 L.Ed.2d 504 (2019), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938). While we do not reweigh evidence, we conduct a critical review because a decision "cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). In addition, an ALJ must "build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. That logical bridge can assure a reviewing court that the ALJ considered the important evidence and applied sound reasoning to it. See *Hickman v. Apfel*, 187 F.3d 683, 689 (7th Cir. 1999).

*Moy v. Bisignano*, 142 F.4th 546, 552 (7th Cir. 2025). This is the standard the Court will apply in this case.[2]

### III.  ALJ Decision

The ALJ first determined that Claimant had not engaged in substantial gainful activity since the application date of April 21, 2022. [Dkt. 10-2 at 30.] At step two, the ALJ found that Claimant had the following severe impairments: "degenerative disc disease, chronic obstructive

---

[2] The Commissioner correctly quotes *Thorlton v. King*, 127 F.4th 1078, 1081 (7th Cir. 2025), as saying that "the court 'will reverse only if the record 'compels a contrary result.'" [Dkt. 15 at 2.] As the Court explained at length in *Rachel H. v. Bisignano*, No. 1:24-CV-1636-MJD-JRS, 2025 WL 2402187, at *2 (S.D. Ind. Aug. 19, 2025), to the extent that the Commissioner is arguing that that standard is different than the one set forth in *Moy* and somehow relieves the Court of its duty to conduct a "critical review" of the ALJ's decision, the Court rejects that argument.

pulmonary disease (COPD), obesity, major depressive disorder (MDD), generalized anxiety disorder (GAD), and post-traumatic stress disorder (PTSD) (20 CFR 416.920(c))." *Id.* At step three, the ALJ found that Claimant's impairments did not meet or equal a listed impairment during the relevant time period. *Id.* at 31. The ALJ then found that, during the relevant time period, Claimant had the residual functional capacity ("RFC")

> to perform sedentary work as defined in 20 CFR 416.967(a), except occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; frequently reach overhead with the bilateral upper extremities; no exposure to hazards such as unprotected heights or dangerous moving machinery (machinery with moving mechanical parts); no more than occasional exposure to vibrations; never use foot controls in the workplace; no exposure to extremes of heat or cold; no more than occasional exposure to wetness, humidity, and atmospheric conditions (such as fumes, odors, dust, gases, and poor ventilation); can understand, remember, and carry out simple instructions; can use judgment to make simple work-related decisions; cannot perform work requiring a specific production rate such as assembly line work or work that requires hourly quotas, but end of day quotas would be acceptable; can deal with occasional changes in a routine work setting; can have occasional interaction with coworkers and supervisors, but should have no interaction with the public; would specifically need to avoid team-based activities in the workplace; and would need to use an assistive device (cane) while ambulating in the workplace.

*Id.* at 34.

At step four, the ALJ found that Claimant had no past relevant work during the relevant time period. *Id*. at 44. At step five, relying on testimony from a vocational expert ("VE"), the ALJ determined that Claimant was able to perform jobs that exist in significant numbers in the national economy, such as sorter of small parts, assembler, and inspector. *Id*. at 45. Accordingly, the ALJ concluded Claimant was not disabled. *Id.*

### IV.  Discussion

Claimant raises a single issue for review:  whether the ALJ's determination that Claimant would need a cane to ambulate in the workplace but would not need a cane for balance is

supported by substantial evidence and adequately explained.  That determination was dispositive of Claimant's claim, inasmuch as the VE testified at the hearing that the need for a cane for both balance and ambulation "would eliminate competitive employment."  [Dkt. 10-2 at 87.]

With regard to Claimant's use of a cane, the ALJ stated the following:

> Finally, I have asserted that the claimant would need to use an assistive device (cane) while ambulating in the workplace. The above consultants erred in not articulating a restriction related to assistive device use. Within the framework of the physical limitations provided in the residual functional capacity assessment of this decision, I do not see a need to specify a limitation relating to need for a cane for balancing.  It is worth noting that although the claimant alleged having falls, she had negative Romberg signs during her examinations.

[Dkt. 10-2 at 41.]  There is no medical evidence of record that explains the import of "negative Romberg signs" or whether that test result supports a finding that Claimant is not having falls or that she needs a cane for ambulating but not for balancing.  Neither the ALJ nor the Court is qualified to make that determination.  *See, e.g.*, *Mandrell v. Kijakazi*, 25 F.4th 514, 518 (7th Cir. 2022) (noting it is error for an ALJ to "stray[] beyond his expertise as an adjudicator and into the forbidden territory of 'play[ing] doctor'").

In her brief, Claimant argues that the ALJ's other observations throughout his decision relating to the Claimant's need for a cane do not provide the required explanation for the ALJ's finding that Claimant needs a cane to ambulate but not for balance.  *See* [Dkt. 14].  The Court agrees.  Particularly given the dispositive nature of that finding, the ALJ was required to articulate a reason for it and point to the substantial evidence that supports it.  As noted in *Moy*, the ALJ's decision "cannot stand if it lacks evidentiary support or an adequate discussion of the issues" and "an ALJ must build an accurate and logical bridge from the evidence to his conclusion."  *Moy*, 142 F.4th at 552 (citations omitted).  With regard to whether Claimant requires a cane for balancing, the ALJ fell short of this requirement.

5

## V.  Conclusion

For the reasons stated above, the Commissioner's decision is **REVERSED and REMANDED for further proceedings consistent with this Order**.

SO ORDERED.

Dated:  2 MAR 2026

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on
all ECF-registered counsel of record via
email generated by the Court's ECF system.